08-2400-cv
Cohen v. Federal Express Corporation

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand and ten.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GARY M. COHEN,

> *Plaintiff-Appellant,*

> v.                                                                      No. 08-2400-cv

FEDERAL EXPRESS CORPORATION,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**            Gary M. Cohen, *pro se*, Miami Beach, Florida.

**FOR APPELLEE:**             Terrence O. Reed, FedEx Corporate Services, Inc., Memphis, Tennessee.

Appeal from a March 31, 2008 judgment of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

1

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment be **AFFIRMED**.

Plaintiff-appellant Gary M. Cohen ("Cohen") brought this action alleging various employment discrimination claims against his former employer, defendant-appellee Federal Express Corporation ("defendant"). The District Court granted summary judgment to defendant with respect to each of Cohen's claims. Cohen then brought this appeal. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Id.* "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of N.Y.*, 316 F.3d 93, 100 (2d Cir. 2002).

Here, having undertaken the required *de novo* review, we conclude that the District Court properly granted summary judgment to defendant, as Cohen provided no evidence—beyond his own conclusory allegations—that would support a *prima facie* case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Nor did Cohen submit sufficient evidence showing a violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

We have considered all of plaintiff's arguments on appeal and have determined that they are meritless.

## CONCLUSION

For the foregoing reasons, the March 31, 2008 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

2